**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

STEPHEN L. SARNO,                          :
individually and on behalf of a class,     :
                                           :
             Plaintiffs,     :
                                           :     **COMPLAINT – CLASS ACTION**
    v.                              :
                                           :     **'10 CIV 04704**
MIDLAND CREDIT MANAGEMENT, INC.,           :
and MIDLAND FUNDING LLC,                   :
                                           :     **JUDGE ROBINSON**
             Defendants.     :

-----------------------------------------------------------x

## INTRODUCTION

1.    Plaintiff, Stephen L. Sarno, brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Midland Credit Management, Inc., and Midland Funding LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendants' collection communications were received by plaintiff within this District;

    b.    Defendants do business within this District.

## PARTIES

5.      Plaintiff Stephen L. Sarno  is an individual who resides in Rockland County, New York.

6.      Defendant Midland Credit Management, Inc. is a Kansas corporation with principal offices at 8875 Aero Drive, Suite 200, San Diego, CA   92123.  It does business in New York.  Its registered agent and office is Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

7.      Defendant Midland Funding LLC is a Delaware limited liability company with principal offices at 8875 Aero Drive, Suite 200, San Diego, CA   92123.  It does business in New York.  Its registered agent and office is Corporation Service Company, 80 State Street, Albany, New York, 12207-2543

8.      Midland Funding LLC is under common control and ownership with Midland Credit Management, Inc.  Both are owned by Encore Capital Group, a public company.

9.      Midland Funding LLC is engaged in the business of acquiring or claiming to acquire delinquent debts originally owed to third parties.

10.      Midland Credit Management, Inc. then attempts to collect the debts as agent for Midland Funding LLC.

11.      Because the debts were originally owed to others and are in default when defendants first become involved with them, each defendant is a debt collector as defined in the FDCPA.

## FACTS

12.      On or about April 2, 2010, defendant Midland Credit Management, Inc. sent plaintiff the letter attached as Exhibit A on behalf of itself and  Midland Funding LLC.

13.      Exhibit A sought to collect an alleged defaulted credit card debt incurred for personal, family or household purposes.

14.      Exhibit A was the first letter plaintiff received from defendants concerning the debt described therein.

2

15.     On information and belief, <u>Exhibit A</u> was the first letter defendants sent plaintiff concerning the debt described therein.

16.     On information and belief, <u>Exhibit A</u> is a form letter which defendants regularly use as the initial letter they send to a debtor.

**COUNT I – FDCPA**

17.     Plaintiff incorporates paragraphs 1-16.

18.     <u>Exhibit A</u> overshadows and contradicts the validation notice, in that it states, a short distance below the validation notice,  "Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above" to dispute the debt.

19.     These statements overshadow and contradict the validation notice, and are also  untrue and misleading, in that:

        a.     Sending a payment is an admission by the debtor, that would negate the theoretical ability to dispute the debt and reset any statute of limitations that would otherwise apply;

        b.     New York law bars the recovery of payments voluntarily made with full knowledge of the facts and in the absence of fraud or mistake of material fact or law.  <u>Dillon v U-A Columbia Cablevision of Westchester</u>, 100 N.Y.2d 525, 790 N.E.2d 1155, 760 N.Y.S.2d 726 (2003).

20.     <u>Exhibit A</u> thus invites the debtor to pay on the representation that the debtor's dispute rights would not be adversely affected, when the action invited does in fact negate the debtor's dispute rights.

21.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt**

3

collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-

**Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

22.      In addition, the letter contained false statements, in violation of 15 U.S.C. §§1692e and 1692e(10).

23.      15 U.S.C. 1692e provides:

**§ 1692e.  False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

## CLASS ALLEGATIONS

24.      Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff Stephen L. Sarno brings this action on behalf of a class.

25.      The class consists of (a) all individuals in New York, (b) to whom defendant Midland Credit Management, Inc. sent a letter (c) in the form represented by Exhibit A (d) on behalf of Midland Funding, LLC (e) seeking to collect a credit card debt, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

26.      The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of each class.

27.      There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common question is whether Exhibit A violates the FDCPA.

28.      Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

29.   Plaintiff Stephen L. Sarno will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

30.   A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.      Individual actions are not economically feasible.

        b.      Members of the class are likely to be unaware of their rights;

        c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

        (1)      Statutory damages;

        (2)      Attorney's fees, litigation expenses and costs of suit;

        (3)      Such other and further relief as the Court deems proper.

Abraham Kleinman

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Pro hac vice admission to be applied for

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

 

**mcm** Dept. 12421
PO Box 603
Oaks, PA 19456

## *Settlement Opportunity*

| | |
|---|---|
| Contact Information: | Tel (800) 825-8131 |
| Hours of Operation: | Sat-Th 5am – 2pm PST; |
| Current Owner: | Midland Funding LLC |
| Original Creditor: | CAPITAL ONE BANK |
| MCM Account No.: | 0120 |
| Current Balance: | $4,830.74 |
| Payment Due Date: | 05-17-2010 |

04-02-2010

STEPHEN L SARNO

Dear STEPHEN L SARNO,

Welcome! We have a great offer for our new customers.

Midland Funding LLC recently purchased your CAPITAL ONE BANK account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation. As the new servicer of this account, we would like to find a positive resolution to your account.

Midland Credit Management, Inc. (MCM) is currently able to offer you a discount of *40% off* your Current Balance *if we receive payment by 05-17-2010*.

What's In It For You? Once MCM receives your payment of $2,898.44, we will:
* Notify the credit bureaus that the debt is "Paid in Full". *
* Immediately stop all recovery activity on this account.

To accept this offer, simply detach the Acceptance Certificate below and enclose it with your $2,898.44 payment in the envelope provided. *Please mail your payment no later than 05-10-2010* in order to receive credit for the 40% off discount by the expiration date 05-17-2010.

If you prefer to speak with one of our Account Managers, please contact us at (800) 825-8131.

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Midland Credit Management, Inc.
(800) 825-8131

---

*Please tear off and return lower portion with payment in envelope provided*

## *Acceptance Certificate*

STEPHEN L SARNO

| | |
|---|---|
| MCM Account Number: | 0120 |
| Current Balance: | $4,830.74 |
| **Amount Due:** | **$2,898.44** |
| Make Check Payable to: | Midland Credit Management, Inc. |
| **Payment Due Date:** | **05-17-2010** |

**mcm**
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

511

LT1A

**Important Disclosure Information**

> **Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

The records associated with the account purchased from CAPITAL ONE BANK reflect that you are obligated on this account, which is in default with a Current Balance of $4,830.74. As the owner of this account, but subject to the rights described below, Midland Funding LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above.

\* No credit reporting will occur if the federal reporting period has expired.

Please send any correspondence relating to any credit reporting\* of this account to:
MCM CREDIT REPORTING DEPARTMENT, 8875 Aero Drive, Suite 200, San Diego, CA 92123.
PLEASE RETAIN THIS ADDRESS FOR ANY ISSUES RELATING SOLELY TO THE CREDIT REPORTING OF YOUR ACCOUNT.

New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728.