11-559-cv
Sarno, v. Midland Credit Management, Inc., et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand and eleven.

PRESENT: GUIDO CALABRESI,
         RICHARD C. WESLEY,
         GERARD E. LYNCH,
                 *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 13, 2011

---

STEPHEN L. SARNO, INDIVIDUALLY AND ON BEHALF OF A CLASS,

　　　　　　　　*Appellant*,

　　　　-v.-　　　　　　　　　　　　　　　　　　　11-559-cv

MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC,

　　　　　　　　*Appellee*.

---

FOR APPELLANT:   DANIEL EDELMAN (Cathleen Combs, *on the brief*), Edelman, Combs, Latturner, & Goodwin, LLC, Chicago, IL.

FOR APPELLEE:    PETER T. SHAPIRO (Jeffry A. Miller, Jamie R. Wozman, *on the brief*), Lewis Brisbois Bisgaard & Smith LLP, New York, NY)

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Appellant appeals from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*), dismissing Appellant's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Section 1692g of the Fair Debt Collection Practices Act ("FDCPA") requires a debt collector to provide debtors with written notice of their validation rights. 15 U.S.C. § 1692g. A debt collection notice that overshadows or contradicts the validation notice violates § 1692g of the FDCPA. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). A debt collector may not use "false representation[s] or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer." 15 U.S.C. § 1692e(10). The "test for determining whether a collection letter violates [§ 1692g or

§ 1692e(10)] is an objective standard based on the 'least sophisticated consumer.'" *Clomon*, 988 F.2d at 1318; *see also Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

Appellant asserts that Midland's collection letter violated the FDCPA because it included a sentence (following the statutorily required notice under § 1692g), which read: "Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above."

Even as read by the least sophisticated consumer, that sentence unambiguously referenced *only* the rights described in the statutorily required notice that immediately preceded it. Because the letter merely informed Sarno that partial payment would not affect the rights provided for in § 1692g, it did not overshadow or contradict the § 1692g notice and was not false, misleading, or deceptive. Therefore, Sarno failed to state a claim upon which relief could be granted and his complaint was properly dismissed.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3